**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| OBO, Inc., | ) | |
| | ) | **ORDER GRANTING, IN PART,** |
| Plaintiff, | ) | **DEFENDANT'S MOTION** |
| | ) | **TO DISMISS** |
| vs. | ) | |
| | ) | |
| Continental Resources, Inc., | ) | Case No. A1-05-065 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Continental Resources, Incorporated's, Motion to Dismiss filed on June 28, 2005. For the reasons set forth below, the Defendant's motion is granted, in part. The claims for a declaratory judgment and unjust enrichment are dismissed. The claims for breach of contract, conversion, and an accounting remain.

**I.      BACKGROUND**

This matters stems from a dispute over an oil and gas Unit Agreement and Unit Operating Agreement. Continental Resources is the designated "Unit Operator" for the "Medicine Pole Hills Red River Unit Area," a producing oil and gas property located in Bowman County, North Dakota. The plaintiff, OBO Inc., owns a working interest in the unit. The defendant, Continental Resources, and OBO are parties to a Unit Agreement and Unit Operating Agreement, which together govern the production of oil and gas from the unit and the distribution of revenues derived from the unit. The Unit Operating Agreement provides that the Unit Operator (Continental Resources) may require working interest owners (OBO) to pay their respective shares of expenses incurred in operating the unit. The expenses are assessed in accordance with each working interest owner's interest in the

1

unit. OBO owns an approximate 8% working interest in the unit and Continental Resources owns an approximate 64 % working interest in the unit.

Continental Resources contends that in the past OBO, and other working interest owners, refused to pay their respective share of expenses as required by the Unit Operating Agreement. Therefore, in December of 1998, Continental Resources unilaterally amended the Unit Operating Agreement to provide for a 300% penalty to be charged to working interest owners who failed to pay their respective shares of the expenses. The amendment provided, as follows:

> 11.9   <u>Non-consent operations.</u>   With respect to an election by a Working Interest Owner not to participate in a proposed Unit Operation, as provided for in Article 4.3.5 hereof, upon commencement of the subject operation, each such non-consenting owners Working Interest in the entire Unit Area and share of production therefrom until the proceeds of the sale of such share (after deducting production taxes, excise taxes, royalty, overriding royalty and other interests) shall equal 300% of that portion of the costs and expenses associated with the subject operation which would have been chargeable to such non-consenting Working Interest Owner if it has participated therein.

(Docket No. 13, Exhibit C). Under the amendment, the working interest owner would be deemed to have relinquished all of its interest in the entire unit until the proceeds of such production equal 300% of the owners' share of the expenses. It is undisputed that all working interest owners in the unit, including OBO, were informed of this amendment in a letter dated December 23, 1998.

OBO contends that in February 2000, Continental Resources first began imposing the 300% "non-consent penalty" on certain unit expenses allocated to OBO. According to OBO, there are funds in excess of $500,000 due and owing to OBO. On May 20, 2005, OBO filed suit contending that the amendment is invalid and asserting claims for breach of contract, declaratory judgment, conversion, unjust enrichment, and accounting.

## II.  LEGAL DISCUSSION

The defendant, Continental Resources, Inc., filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  "The standard for a district court to employ in ruling on a motion to dismiss is clear." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004).  "A district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party."  Id. (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996)). "[D]ismissal is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which there is some insuperable bar to relief.'"  Strand v. Diversified Collection Service, Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citing Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974))).  "Under the Federal Rules, it is not necessary to plead every fact with formalistic particularity."  BJC Health System v. Columbia Gas. Co., 348 F.3d 685, 688 (8th Cir. 2003).  "A pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

Continental Resources asserts that (1) OBO's causes of action are barred by Section 28-01-16 of the North Dakota Century Code, (2) OBO's claim for declaratory judgment should fail for lack of a justiciable controversy, and (3) OBO's unjust enrichment claim is invalid as a matter of law.

A. **STATUE OF LIMITATIONS**

Section 28-01-16 of the North Dakota Century Code provides, in relevant part, as follows:

> The following actions must be commended within six years after the claim for relief has accrued:
> 1. An action upon a contract, obligation, or liability, express or implied, . . .
>
> . . .
>
> 4. An action for taking, detaining, or injuring goods or chattels, including actions from the specific recovery of personal property.
>
> 5. An action . . . for any other injury to the person or rights of another not arising upon contract, when not otherwise expressly provided.

N.D.C.C. § 28-01-16. Under North Dakota law, a cause of action accrues "when the right to commence the action comes into existence and can be brought in a court of law without being dismissed for failure to state a claim" Tarnavsky v. McKenzie County Grazing Association, 655 N.W.2d 18, 22 (N.D. 2003). Statutes of limitation generally run from "the commission of the wrongful act giving rise to the cause of action." Wells v. First American Bank West, 598 N.W.2d 824, 837 (N.D. 1999). It is clear that the determination of when a plaintiff's cause of action has accrued is generally a question of fact, but if there is no dispute about the relevant facts, the determination is for the court to resolve as a matter of law. Tarnavsky v. McKenzie County Grazing Association, 655 N.W.2d 18, 22 (N.D. 2003).

North Dakota has recognized that the discovery rule applies to breach of contract actions. "The discovery rule postpones the accrual of a claim until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury." Tarnavsky

v. McKenzie County Grazing Association, 655 N.W.2d 18, 22 (N.D. 2003). Case law has established that an objective standard is used for determining knowledge under the discovery rule, and that standard focuses upon whether the plaintiff is aware of facts that would place a reasonable person on notice a potential claim exists, without regard to the plaintiff's subjective beliefs. Tarnavsky v. McKenzie County Grazing Association, 655 N.W.2d 18, 22 (N.D. 2003). In Wells v. First American Bank West, 598 N.W.2d 834, 838 (N.D. 1999), the North Dakota Supreme Court explicitly held that the discovery rule applies to a breach of contract claim.

The issue before the Court is when OBO's cause of action accrued. Continental Resources asserts that the six-year statute of limitations began to run on December 23, 1998, – the date of the letter informing OBO of the amendment to the Unit Operating Agreement – and, as a result, OBO's lawsuit filed on May 20, 2005, is barred by the six-year statute of limitations.

OBO contends that the six-year statute of limitations did not begin to run until February 2000 – the date Continental Resources unilaterally imposed the 300% penalty and retained a portion of OBO's revenues – and thus, OBO's suit was timely filed. OBO contends that its cause of action did not accrue until February 2000 because the December 1998 amendment was, at most, an anticipatory repudiation by Continental Resources. OBO further contends that Continental Resources did not breach the contract until February of 2000 when it first imposed the 300% penalty.

Continental Resources responds with the unsupported assertion that it began to impose the 300% penalty in 1998. It is undisputed that the complaint alleges that "[f]rom and after February, 2000, Continental [Resources] has imposed a 300% 'non-consent' penalty."[1] See Complaint, p. 3,

---

[1]Later in the complaint, OBO acknowledges that "any attempted amendment to the Unit Operating Agreement that would have sanctioned a non-consent penalty has since been retracted." See Complaint at p. 4, ¶ 16 (Docket No. 1).

¶ 13 (Docket No. 1). In reviewing a motion to dismiss, the Court must accept as true, all allegations contained in the complaint. Thus, for purposes of determining when OBO's cause of action accrued, the Court must accept as true OBO's assertion that the 300% penalty was first imposed in February 2000.

OBO's breach of contract claim is predicated on the fact that a failure to pay proceeds attributable to OBO's interest in the unit production agreement is a breach of the express obligation of the Unit Agreement. Accordingly, no breach for failure to remit funds could have occurred prior to February 2000, which is the date Continental Resources allegedly began to withhold funds from OBO. After carefully reviewing the entire record, the Court finds that OBO's cause of action accrued in February 2000 when Continental Resources allegedly imposed the 300% penalty and improperly retained a portion of OBO's revenues. The application of the discovery rule would warrant a similar finding. Continental Resources' motion to dismiss for failure to comply with the six-year statute of limitations for a breach of contract claim is denied.

### B.  DECLARATORY JUDGMENT

The Declaratory Judgment Act authorizes federal courts to declare the rights of interested parties "[i]n a case of actual controversy." 28 U.S.C. § 2201. The requirement of an "actual controversy" is imposed by Article III of the Constitution. See Steffel v. Thompson, 415 U.S. 452, 458 (1974); Diagnostic Unit Inmate Council v. Films, Inc., 88 F.3d 651, 653 (8th Cir. 1996). "In general, an actual controversy is 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Diagnostic Unit Inmate Council v. Films, Inc., 88 F.3d 651, 653 (8th Cir. 1996) (quoting Maryland

Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). In other words, to seek a declaratory judgment, the plaintiff's claims must be ripe. Gopher Oil Co. v. Bunker, 84 F.3d 1047, 1050 (8th Cir. 1996). The ripeness doctrine requires that "before a federal court may address itself to a question, there must exist a real substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." Nebraska Public Power District v. MidAmerican Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2000)(internal quotations omitted).

Continental Resources contends that OBO's claim for a declaratory judgment is simply a request to have the Court declare the amendment imposing a 300% penalty invalid. Continental Resources notes that in OBO's complaint it alleges that the amendment has been "retracted" and that the 300% penalty provision is no longer imposed. As a result, Continental Resources contends that there is no "actual controversy" involving the amendment that would be appropriate for a declaratory judgment action.

In the complaint, OBO alleged the following:

16. Upon information and belief, any attempted amendments to the Unit Operating Agreement that would have sanctioned a non-consent penalty have since been retracted. Nevertheless, Continental has continued to retain the funds that have been wrongfully withheld from OBO.

. . .

22. OBO is in doubt as to its rights in this matter, and is entitled to have such doubts removed. Unless a determination is made with regard to the validity and enforceability of the Unit Agreement and the Unit Operating Agreement, confusion and uncertainty as to the prevailing provisions of the agreements governing the operations of the Unit will continue to the detriment of all the Working Interest Owners in the Unit, including OBO.

See Complaint, ¶ ¶ 16 and 22 (Docket No. 1). In its response, OBO contends that its declaratory judgment claim is an actual controversy, but fails to provide a factual basis or any legal analysis to support this conclusion.

After carefully reviewing the record, the Court finds that OBO has failed to set forth an actual controversy that would warrant the issuance of a declaratory judgment. While OBO has set forth a claim for breach of contract regarding the validity of the amendment, OBO's assertion that the amendment has been retracted nullifies the need for a declaratory judgment. The parties will have an opportunity to fully litigate the validity of the amendment in the context of OBO's breach of contract claim. Therefore, the Court grants Continental Resources' motion to dismiss OBO's claim for a declaratory judgment.

### C.   CONVERSION

North Dakota law defines conversion as "a tortious detention or destruction of personal property, or a wrongful exercise of dominion or control over the property inconsistent with or in defiance of the rights of the owner." Ritter, Laber and Associates, Inc. v. Koch Oil, Inc., 680 N.W.2d 634, 638 (N.D. 2004). A claim for conversion may arise under the same facts as a claim for breach of contract. Id. at 639.

OBO argues that Continental Resources wrongfully deprived OBO of its revenues by imposing the 300% penalty. See Complaint at p.5, ¶25 (Docket No. 1). OBO also asserts that Continental Resources has wrongfully exercised control over these revenues and has converted the revenues to its own use. See Complaint at p.5, ¶26 (Docket No. 1).

The Court finds that Continental Resources alleged conduct in wrongfully depriving OBO of its revenues involves more than a failure to pay under the terms of a contract and may give rise to liability independent of any contractual liability. Arguably, the amendment could be viewed as a wrongful exercise of control over the property of OBO. At this stage, the allegations contained in the complaint must be accepted as true and all inferences from the complaint must be drawn in favor of the non-moving party, i.e., OBO. Thus, Continental Resources' motion to dismiss OBO's claim for conversion is denied.

### D.     UNJUST ENRICHMENT

Under North Dakota law, unjust enrichment is an equitable doctrine based upon a quasi-contract or a constructive contract implied by law to prevent a person from being unjustly enriched at the expense of another. Ritter, Laber, and Associates, Inc. v. Koch Oil, Inc., 680 N.W.2d 634, 642 (N.D. 2004) (citing Cavalier County Mem'l Hosp. Ass'n v. Kartes, 343 N.W.2d 781, 784 (N.D. 1984)). It is clear that the doctrine serves as a basis for requiring restitution of benefits conferred "in the absence of an expressed or implied in fact contract." Id. (quoting Midland Diesel Serv. and Engine Co. v. Sivertson, 307 N.W.2d 55, 557 (N.D. 1981)). It is well-established that unjust enrichment requires: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification for the enrichment and impoverishment; and (5) an absence of remedy provided by law. Id. (citing A&A Metal Bldgs. v. I-S, Inc., 274 N.W.2d 183, 189 (N.D. 1978)). "The doctrine of unjust enrichment may be invoked, 'when a person has and retains money or benefits which in justice and equity belong to another.'" Id. (quoting Midland Diesel Serv. and Engine Co. v. Sivertson, 307 N.W.2d 555, 557 (1981)).

It is also well-established that unjust enrichment applies only in the absence of a contract between the parties, and there can be no implied-in-law contract where there is an express contract between the parties concerning the same subject matter. Id. at 643. Thus, when the parties have voluntarily entered into an express written contract which defines their rights, unjust enrichment is not available." Id.

OBO aruges that Continental Resources accepted and retained the conferred benefit of the share of revenues attributable to the interests of OBO and wrongfully retained and utilized it to the benefit of Continental Resources and to the detriment of OBO. See Complaint at p.6, ¶29 (Docket No. 1). OBO further contends that it would be inequitable for Continental Resources to retain revenues that were wrongfully taken from OBO in violation of the Unit Agreement and the Unit Operating Agreement. See Complaint, p.6, ¶30 (Docket No. 1).

It is clear and undisputed that the Unit Agreement and the Unit Operating Agreement define the method of determining revenues attributable to each party to the contract. As such, it is clear that the rights of OBO and Continental Resources regarding revenues is the subject of the Unit Agreement and the Unit Operating Agreement. The Court finds, as a matter of law, that OBO is not entitled to recover under a theory of unjust enrichment because there is an express written contract between OBO and Continental Resources relative to the same subject matter as OBO's unjust enrichment claim. Continental Resources' motion to dismiss OBO's unjust enrichment claim is granted.

### E.     ACCOUNTING

"Equitable jurisdiction for an accounting may be invoked when (1) there is a fiduciary relationship between the parties, accompanied by a duty on the part of the defendant to render an account, (2) there are mutual accounts, or, if the account is all on one side, the account is complicated, and (3) there is a need for discovery." Ritter, Laber and Associates, Inc. v. Koch Oil, Inc., 680 N.W.2d 634, 644 (N.D. 2004). The Court finds, in light of the finding that OBO's conversion claim remains, that there is an equitable basis for an accounting. Therefore, Continental Resources' motion to dismiss OBO's claim for an accounting is denied.

### III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS**, in part, Defendant Continental Resources's Motion to Dismiss. (Docket No. 8). OBO's claims for a declaratory judgment and for unjust enrichment are dismissed as a matter of law. OBO's claims for breach of contract, conversion, and an accounting remain.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2005.

_____
Daniel L. Hovland, Chief Judge
United States District Court